UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JOHN EWING, JR.,                )
                                )
            Plaintiff,          )
                                )
      v.                        )    No. 4:06-CV-1724-CAS
                                )
UNITED STATES MARSHALS,         )
                                )
            Defendants.         )

**ORDER AND MEMORANDUM**

This matter is before the Court upon the application of John Ewing, Jr. (registration no. 11068-026) for leave to commence this action without payment of the required filing fee.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See

28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint on November 30, 2006. See 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $15.83, and an average monthly account balance of $16.97. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $3.39, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355

U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, an inmate at the United States Medical Center for Federal Prisoners in Springfield, Missouri, seeks monetary relief in this action against defendants "United States Marshals." Plaintiff claims "actionable negligence" against unidentified United States Marshals who allegedly "had a one car accident" while transporting plaintiff "as a federal prisoner." Plaintiff claims that he thereby suffered physical injuries.

At the outset, the Court notes that plaintiff has failed to state the grounds for filing the instant action in Federal Court. Liberally construing the complaint as attempting to assert a tort claim for damages under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq., the action must be dismissed. Plaintiff does not allege that he has presented his claim to the appropriate administrative federal agency, and that said agency has

either denied the claim or failed to act upon it for six months. See 28 U.S.C. § 2675. This requirement is jurisdictional and may not be waived. Borntrager v. Stevas, 772 F.2d 419, 421 (8th Cir. 1985). Furthermore, the FTCA does not waive the sovereign immunity of the United States or federal agencies, such as the United States Marshals Service, or of individual United States Marshals in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 477-78 (1994); Kadonsky v. U.S. Marshals Service, slip copy at 4 n.4, 2006 WL 1933625 (D.N.J. 2006). The instant complaint does not state a claim against individual United States Marshals in their individual capacities, nor does it identify the defendants with sufficient specificity.[1] For these reasons, the instant action will be dismissed, without prejudice.

The Court will not liberally construe the complaint as a Bivens-type[2] action, because mere negligence does not rise to the level of a constitutional violation. See Daniels v. Williams, 474

---

[1] An action may proceed against a party whose name is unknown if the allegations are sufficiently specific to permit the party's identity to be ascertained after reasonable discovery. Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985). In the case at hand, the complaint does not contain specific allegations regarding the identity of the United States Marshals. These defendants are both unidentified and indeterminate in number, which is not permissible. Cf. Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible).

[2] Suits for monetary damages against federal officials in their individual capacities for the violation of constitutional rights are authorized under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

U.S. 327, 328 (1986).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $3.39 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this __23rd__ day of January, 2007.

_____
**UNITED STATES DISTRICT JUDGE**